IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GODFREY CHAVEZ,

    Plaintiff,

vs.                                                          No. 14-CV-205 KG-GBW

VICTOR M. GRAJEDA,
AFFILIATED FOODS, INC., and
AMTRUST NORTH AMERICA, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 28, 2014, Defendant AmTrust North America, Inc. (AmTrust) filed its Motion to Dismiss Plaintiff's Complaint for Negligence and Damages and a Request for Hearing. (Docs. 1-4). On February 17, 2014, Plaintiff filed a response.[1] (Doc. 6-7). On March 7, 2014, AmTrust filed a reply. (Doc. 4). Having reviewed the Motion to Dismiss and the accompanying briefs, and Plaintiff's Complaint for Negligence and Damages, the Court concludes that there is no need for a hearing on this matter and grants the Motion to Dismiss for the following reasons.

*I. Background*

According to Plaintiff's Complaint, on May 15, 2013, Defendant Victor M. Grajeda, while acting in the scope of his employment as a truck driver for Defendant Affiliated Foods, Inc. (Affiliated Foods), negligently crashed his truck into a house owned by Plaintiff, damaging Plaintiff's property. (Doc. 1, Ex. A) at ¶¶ 8, 12. AmTrust is an insurance company that insured Defendants Affiliated Foods, Inc. and Grajeda. *Id.* at ¶ 4. Count VI of the Complaint alleges that

---

[1] AmTrust's Motion to Dismiss and Request for Hearing and Plaintiff's response were filed in the Twelfth Judicial District Court, County of Otero, State of New Mexico.

AmTrust violated NMSA 1978, Section 59A-16-20(E) (1997), because it has not attempted in good faith to effectuate a prompt, fair, and equitable settlement of claims made by Plaintiff against AmTrust's insureds, Defendants Affiliated Foods, Inc. and Grajeda. *Id.* at ¶ 18. AmTrust now moves for the Court to dismiss Count VI for failure to state a claim.

*II. Standard of Review*

A motion to dismiss for failure to state a claim, pursuant to Rule 1-012(B)(6) NMRA 2003, tests the legal sufficiency of the complaint, accepting all well-pleaded factual allegations as true. *Derringer v. State*, 2003-NMCA-073, ¶ 5, 68 P.3d 961. "Dismissal is proper when the law does not support the claim under any set of facts subject to proof." *Id.*

*III. Discussion*

Section 59A-16-20, a provision of New Mexico's Insurance Code, prohibits insurance companies from engaging in certain "unfair and deceptive practices," which include "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear." NMSA 1978, § 59A-16-20 and -20(E) (1997). Further, Section 59A-16-30 grants a right of action to any person "who has suffered damages as a result of a violation of that article by an insurer or agent." NMSA 1978, § 59A-16-30 (1990).

AmTrust argues that Count VI must be dismissed because the law does not support a Section 59A-16-20(E) failure to settle claim unless the underlying negligence action has concluded. A third-party claimant's "action for unfair claims practices based on failure to settle may only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured." *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 25, 89 P.3d 69. Thus,

> a third-party claimant may not sue both the insured and the insurer in the same lawsuit. Not only that, the third-party claimant will not even have an action under Section 59A-16-20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action.

*Id.* ¶ 26.

In this case, Plaintiff is a third-party claimant because he is an injured person suing the insurance company that covers the at-fault person. As a third-party claimant, Plaintiff may not bring an action against AmTrust until the conclusion of the underlying negligent action between Plaintiff and Defendants Grajeda and Affiliated Foods, Inc., and if there is a judicial determination of fault in favor of Plaintiff. Plaintiff meets neither of these requirements. Therefore, Plaintiff presently does not have an action against AmTrust under Section 59A-16-20(E). Consequently, Count VI of Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim. Plaintiff may re-file a claim under Section 59A-16-20(E) against AmTrust after the conclusion of the underlying negligent action and if there is a judicial determination of fault in favor of Plaintiff.

IT IS ORDERED that

1. AmTrust's Motion to Dismiss Plaintiff's Complaint for Negligence and Damages (Doc. 1-4) is granted;

2. Count VI of Plaintiff's Complaint is dismissed without prejudice; and

3. Plaintiff may re-file a claim under Section 59A-16-20(E) against AmTrust after the conclusion of the underlying negligent action and if there is a judicial determination of fault in favor of Plaintiff.

_____
UNITED STATES DISTRICT JUDGE